[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13426
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 27, 2012
JOHN LEY
CLERK

Agency No. A087-385-863

WALTER TRINDADE,
CHRISTIANE DA COSTA LOPES TRINDADE,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Apeals

_____

(February 27, 2012)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Walter Trindade and his wife, Christiane da Costa Lopes Trindade, natives

and citizens of Brazil, petition for review of a decision affirming the denial of their

applications for withholding of removal and denying their request to reinstate an order allowing them to depart the United States voluntarily. We dismiss in part and deny in part the petition.

We lack jurisdiction to review the denial of the Trindades' request to reinstate the order of voluntary departure. As a condition of voluntary departure, the immigration judge ordered the Trindades to post a voluntary departure bond. See 8 U.S.C. § 1229c(b)(3); 8 C.F.R. § 1240.26(c)(3)(i). A regulation governing voluntary departure provides that, unless an alien "within 30 days of filing of an appeal with the Board, submit[s] sufficient proof of having posted the required voluntary departure bond[,] . . . . . the Board will not reinstate the period of voluntary departure in its final order," 8 C.F.R. § 1240.26(c)(3)(ii), and "[n]o court may review [that] regulation," 8 U.S.C. § 1229c(e). The Board found that the Trindades failed timely to prove that they had paid the bond, and the Trindades do not challenge that finding. Because section 1229c(e) divests us of authority to review the decision of the Board, we dismiss the Trindades' petition for review of the denial to reinstate the order of voluntary departure.

Substantial evidence supports the finding that the Trindades failed to establish that they suffered or would likely suffer persecution on account of a protected ground. The Trindades alleged in their applications that they were

members of a social group who, upon returning to Brazil from the United States, would be "attractive targets to criminal gangs." The Trindades submitted evidence about shootings and thefts in their hometown in Brazil, but the Trindades failed to connect the crimes to the social group defined in their applications. The Trindades argue, for the first time, that they are members of a "family . . .[who] may in fact have shared the same experience of violence and/or criminal activity" because a murder occurred in front of the home of Walter's parents and two persons robbed a business owned by Walter's brother, but we lack jurisdiction to consider this argument. "[A]bsent a cognizable excuse or exception, 'we lack jurisdiction to consider claims that have not been raised before the [Board].'" Amaya–Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (quoting Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003)). We deny the Trindades' petition for review of the denial of withholding of removal.

**PETITION DISMISSED IN PART, DENIED IN PART.**          I